UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiff's motion for final approval and GRANTING Plaintiff's motion for attorneys' fees

Before the Court is Plaintiff Erick Contreras' ("Plaintiff") motion for final approval of the class action settlement, as well as an award of attorneys' fees and costs and class representative service award. *See Motion for Final Approval of Class and Collective Action Settlement*, Dkt. # 40 ("*Mot.*"); *Motion for Attorneys' Fees*, Dkt. # 41 ("*Fees Mot.*"). Defendant Worldwide Flight Services, Inc. ("Defendant") does not oppose. The Court finds the matter appropriate for decision without oral argument.[1] *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the submissions, the Court **GRANTS** Plaintiff's motions.

I.   Background

On May 4, 2018, Plaintiff initiated this putative wage and hour class action by filing a complaint in Los Angeles Superior Court that was subsequently removed to this Court. *See Notice of Removal*, Dkt. # 1 ("*NOR*"). Plaintiff's Second Amended Complaint ("SAC") — the operative complaint in this case — alleges that Defendant violated various provisions of the California Labor Code and California Business and Professions Code. It asserts eight causes of action against Defendant: (1) failure to pay all overtime wages owed, Cal. Lab. Code §§ 204,

---

[1] On March 23, 2020, the Central District of California activated its Continuity of Operations Plan ("COOP") in response to the COVID-19 pandemic. *See* Order of the Chief Judge 20-042. As part of the COOP, no civil hearings are to "go forward except for emergency time sensitive matters, such as requests for temporary restraining orders and preliminary injunctions, as ordered by the assigned judicial officer." *Id.* at 2. In light of the COOP, and given that no Class Members have objected to the Settlement, the Court finds it appropriate to grant final approval without a hearing.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

510, 558, 1194, and 1198, 13 Cal. Code Regs. § 11090; (2) failure to pay all minimum wages owed, Cal. Lab. Code §§ 1197 and 1182.12, 13 Cal. Code Regs. § 11090; (3) failure to provide all meal periods, Cal. Lab. Code §§ 226.7, 512, and 558, 13 Cal. Code Regs. § 11090; (4) failure to authorize and permit all rest periods, Cal. Lab. Code §§ 226.7 and 516, 13 Cal. Code Regs. § 11090; (5) wage statement violations, Cal. Lab. Code §§ 226 et seq.; (6) failure to timely pay wages upon termination, *id.* §§ 201 03; (7) unfair competition, Cal. Bus. & Prof. Code §§ 17200 et seq.; and (8) civil penalties under the Private Attorneys General Act of 2004 ("PAGA"). *See generally Second Amended Complaint*, Dkt. # 22 ("*SAC*").

On April 29, 2019, the parties participated in a private mediation before Steven G. Pearl of ADR Services, Inc., but did not reach an agreement. *See Order Granting Preliminary Approval of Class Action Settlement*, Dkt. # 37 ("*Prelim. Order*"), at 2. Afterwards, the parties continued to engage in settlement discussions and eventually reached an agreement on or about June 5, 2019. *See id.*; Dkt. # 35-2, Ex. 1 ("*Settlement*"). On June 7, 2019, the parties filed a Notice of Settlement. *See* Dkt. # 31.

Defendant was involved in a previous class action, *Guillermo Bautista v. Worldwide Flight Services, Inc.*, Los Angeles Superior Court Case No. BC622372 ("*Bautista*"), in which the parties settled the underlying wage and hour claims. *See Prelim. Order* at 2. The court in *Bautista* granted final approval on April 3, 2018. *See id. Bautista* involved a similar class of employees, namely "all current and former non-exempt, hourly employees who were employed by the Defendant in California at any time from May 6, 2012 through April 1, 2017." *Id.* As a result of *Bautista*, the current settlement agreement proposes two settlement classes with different class periods. The first is labeled "Non-*Bautista* Class Members", which includes employees who worked in California for Defendant from December 1, 2016 through July 25, 2019 and who were not class members in *Bautista*. *Id.* The second settlement class is labeled "*Bautista* Class Members" and includes employees who worked in California for Defendant from April 2, 2017 through July 25, 2019 and who were class members in *Bautista*. *Id.* Under the terms of the Settlement, Defendant agrees to pay a Gross Settlement Amount of $700,000. *Settlement* ¶ 3. This figure includes (1) all payments to Class Members; (2) up to $233,333.33 in fees for Class Counsel; (3) up to $45,000 for reimbursement of Class Counsel's costs; (4) a $5,000 service award to Plaintiff; (5) $27,500 in Settlement Administrator costs; and (6) PAGA penalties of $20,000, of which $15,000 will be paid to the Labor and Workforce Development Agency ("LDWA"). *Id.* ¶¶ 3, 6 8. The Net Settlement Amount available to be allocated to Class Members is approximately $372,862.75. *Mot.* 6:26 28. Defendant will be responsible for paying its employer-side payroll taxes separately from, and in addition to, the Gross Settlement Amount. *Settlement* ¶ 3(D).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

On August 14, 2019, Plaintiff filed a motion for preliminary approval. *See* Dkt. # 35. On September 30, 2019, the Court certified the class for settlement purposes only. *See generally Prelim. Order.* It also preliminarily approved the Settlement Agreement, appointed Plaintiff as Class Representative, appointed Plaintiff's counsel as Class Counsel, scheduled a hearing date for final approval of the settlement and entry of judgment, appointed CPT Group, Inc. ("CPT Group") as the Settlement Administrator, and approved the proposed notice. *See generally id.* On October 29, 2019, Defendant provided CPT Group with the relevant identifying and workweek information for each Settlement Class member. *See Declaration of Alan Garrido*, Dkt. # 40-7 ("*Garrido Decl.*"), ¶ 5. CPT Group then mailed the Notice Packets to the 1,724 Settlement Class members on November 20, 2019. *See id.* ¶¶ 7 8. Following the initial mailing, 207 Notice Packets were returned as undeliverable, and CPT Group performed a skip trace to locate the correct addresses. *See id.* ¶¶ 11 12. Currently, twenty-five Notice Packets remain undeliverable with no forwarding address, and where no new address could be located through skip trace. *See id.* ¶¶ 9, 13. On February 20, 2020, Defendant contended that it erroneously included twenty-three employees who do not qualify as Settlement Class members. *See id.* ¶ 10. On March 5, 2020, the Court approved a Corrective Notice, to which the twenty-three employees have until April 9, 2020 to respond. Dkt. # 39.

As of the date that Plaintiff filed the motion for final approval, there were no objections and only one Settlement Class member has elected to opt-out of the Settlement. *See Garrido Decl.* ¶¶ 15 18. As such, the participation rate amongst the Settlement Class members is 99.94%, the average estimated payment is $222.01, and the highest estimated payment to a Settlement Class member is $436.40. *See id.* ¶¶ 19 23.

Plaintiff now moves unopposed for final approval of the Settlement Agreement and for an order awarding attorneys' fees and costs. *See generally Mot.*; *Fees Mot.* Specifically, Plaintiff moves for the Court to approve the $700,000 Gross Settlement Amount, which includes: (1) all payments to Class Members; (2) attorneys' fees for Class Counsel of $233,333.33; (3) Class Counsel's costs and expenses of $43,803.92; (4) a Class Representative Enhancement Payment of $5,000 to Plaintiff; (5) Settlement Administration Costs of $25,000; (6) PAGA penalties of $20,000, a portion of which will be paid to the Labor and Workforce Development Agency ("LWDA") in the amount of $15,000, and a portion of which will be paid to the participating settlement class in the amount of $5,000. *See Mot.* 6 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

II.     Final Approval of the Class Settlement

    A.     Legal Standard

A court may finally approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Approval or rejection of a settlement agreement is committed to the district court's sound discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). In determining whether a settlement is fair, reasonable and adequate, the court must "balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the class members to the proposed settlement." *Id.*; *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list").[2]

The district court must approve or reject the settlement as a whole after comprehensively exploring all factors. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify or rewrite particular provisions of the settlement. *See id.* The district court is cognizant that the settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex

---

[2] The recent amendments to Rule 23(e)(2) instruct district courts to consider whether: the class representatives and class counsel have adequately represented the class; the proposal was negotiated at arm's length; the relief provided for the class is adequate; and the proposal treats Class Members equitably relative to each other. However, recognizing that each circuit has developed its own vocabulary to express these concerns, the Advisory Committee explained that it did not intend to "displace any factor [used by different circuits], but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 amendment. Accordingly, the Court applies the Rule 23(e)(2) factors through the lens of the Ninth Circuit's *Hanlon*/*Staton* factors and existing relevant precedent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

    B.    <u>Discussion</u>

        *i.*    *Strength of Plaintiff's Case*

"An important consideration in judging the reasonableness of a settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (C.D. Cal. 2010) (internal quotation marks omitted). This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). Plaintiff recognizes that Defendant had many defenses to the claims and would have vigorously contested class certification. *See Mot.* 10:14  13:12. Plaintiff details each of Defendant's defenses to his miscalculation claim, his meal and rest period claims, his off-the-clock claims, his wage statement claim, and his waiting time penalties claim. *See id.* Defendant asserted multiple defenses to each claim, which Plaintiff would have to overcome had the case moved forward. *See id.* Accordingly, the Court agrees with Plaintiff that this factor weighs in favor of approving the Settlement Agreement.

        *ii.*    *Risk, Expense, Complexity, and Duration of Further Litigation*

The second factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of the lawsuit if the parties had not reached a settlement agreement. *See Officers for Justice*, 688 F.2d at 625. The parties have actively litigated this case for almost two years. *See* Dkt. # 1. During that time, they have engaged in significant formal and informal discovery. *See Mot.* 13:18  19. If the case were to proceed further, the fees and costs would increase because Class Counsel would have to conduct significant additional discovery, as well as file for class certification and defend against summary judgment. *See id.* 13:20  26. The Settlement Agreement minimizes the delay and costs that further litigation would entail.

Moreover, the Settlement Agreement provides for payment to the Class now and eliminates the possibility that the Class Members could receive nothing after further proceedings. Without settlement, Plaintiff states that he expects further protracted and difficult litigation. *See id.* 13:18  14:4. Thus, the risks, expense, and duration of continued litigation support final approval of this settlement. *See Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326,

Case 2:18-cv-06036-PSG-SS Document 43 Filed 04/01/20 Page 6 of 18 Page ID #:1014

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

331 (N.D. Cal. 2014) ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing after a lengthy and costly litigation.").

        *iii.*    *Risk of Maintaining Class Action Status Through Trial*

Although the Court has preliminarily certified the class, the certification was for settlement purposes only. *See Prelim. Order*. Under Federal Rule of Civil Procedure 23(c)(1)(C), an "order that grants or denies class certification may be altered or amended before the final judgment." Because Defendant likely would have vigorously contested class certification through trial, this factor favors final approval of the Settlement Agreement. *See Mot.* 14:6 13.

        *iv*.    *Amount Offered in Settlement*

The fourth factor in assessing the fairness of the proposed settlement is the amount of the settlement. "[T]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624 (internal quotation marks omitted). The Ninth Circuit has explained that "the proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625. Rather, any analysis of a fair settlement amount must account for the risks of further litigation and trial, as well as expenses and delays associated with continued litigation.

Here, the parties agreed to settle all claims for a total sum of $700,000. *See Mot.* 14:22 24. The parties reached this settlement with the help of an experienced mediator after extensive discovery. *See id.* 14:25 26. The Court considered the parties' respective opinions regarding the value and merits of this case during the preliminary approval stage and continues to find that this amount is appropriate in light of the challenges described above. *Aarons v. BMW of N. Amer., LLC*, No. CV 11 7667 PSG (CWx), 2014 WL 4090564, at *11 (C.D. Cal. Apr. 29, 2014) (noting that while settlements will not make most class members completely whole, class members will "discount their claims to obtain a certain and timely recovery, rather than bear the significant risk and delay associated with further litigation"). The Court also recognized that Class Members faced significant risk of no recovery and ongoing litigation expenses if forced to proceed with litigation. *See Prelim. Order* at 12. The Court was satisfied that the total Class Settlement award was reasonable. *See id.* Considering the significant risks, the Court still finds that the settlement amount is reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

     *v.*     *Extent of Discovery Completed and Stage of the Proceedings*

This next factor requires the Court to gauge whether Plaintiff had sufficient information to make an informed decision about the merits of his case. *See In re Mego,* 213 F.3d 454, 459 (9th Cir. 2000). The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases." *Young v. Polo Retail, LLC*, No. C 02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks omitted).

Here, the parties have engaged in extensive discovery. Specifically, they exchanged written discovery and initial disclosures, took several depositions, exchanged time and payroll records, and Plaintiff retained an expert. *Mot.* 15:13 25. These efforts suggest that the parties were well informed and had sufficient information to assess the merits of their claims. *See Glass v. UBS Fin. Servs., Inc.*, CV 06-4068 MMC, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007) (reasoning that the parties' having undertaken informal discovery prior to settling supports approving the class action settlement). The parties have also engaged in substantial settlement negotiations and mediation. *Mot.* 15:17 18.

The Court is confident that Plaintiff had enough information to make an informed decision about the settlement based on the strengths and weaknesses of the case. This factor weighs in favor of granting approval.

     *vi.*     *Experience and Views of Counsel*

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). While counsel's views are instructive, they do not entitle the plaintiff to a presumption of fairness. *See Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019). Here, Class Counsel has extensive experience handling consumer and employment class action cases. *See Declaration of Scott M. Lidman*, Dkt. # 40-3 ("*Lidman Decl.*"), ¶¶ 5 6. The Court is satisfied that this experience has allowed Class Counsel to evaluate the merits of the claims and risks associated with prosecuting them through trial and appeal. The Court accordingly credits Counsel's determination that the settlement is "fair, adequate, and reasonable" and finds that this factor weighs slightly in favor of final approval. *Mot.* 16:16 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

*vii.   The Presence of a Government Participant*

Because there is no government entity directly participating in the case, this factor is not relevant to the analysis.

*viii.   Class Members' Reaction to the Proposed Settlement*

In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement. *See Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528  29 (C.D. Cal. 2004); *see also Arnold v. Fitflop USA, LLC*, No. CV 11-0973 W (KSCx), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement").

Here, none of the Class Members who received the Class Notice objected to the Settlement, and only one requested exclusion. *Garrido Decl.* ¶¶ 15  18. Accordingly, this factor weighs in favor of final approval.

C.   Conclusion

Having reviewed the relevant factors and finding that none counsel against approval of the final settlement, the Court **GRANTS** Plaintiff's motion for final approval of the class action settlement.

III.   Attorneys' Fees, Costs, and Incentive Award

Plaintiff moves for (1) an award of attorneys' fees in the total amount of $233,333.33 to Class Counsel; (2) reimbursement of $43,803.92 in costs incurred by Class Counsel; and (3) a $5,000 enhancement award for Plaintiff. *See generally Fees Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

    A.    <u>Attorneys' Fees</u>

        *i.*    *Legal Standard*

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that after a class has been certified, the Court may award reasonable attorneys' fees and nontaxable costs. The Court "must carefully assess" the reasonableness of the fee award. *See Staton*, 327 F.3d at 963; *see also Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-6750 MMM (DTB), 2010 WL 9499073, at *3 5 (C.D. Cal. Oct. 5, 2010) (explaining that in a class action case, the court must scrutinize a request for fees when the defendant has agreed to not oppose a certain fee request as part of a settlement).

Where litigation leads to the creation of a common fund, courts can determine the reasonableness of a request for attorneys' fees using either the percentage-of-recovery method or the lodestar method. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944 45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class, courts may use either method to gauge the reasonableness of a fee request, but encouraging courts to employ a second method as a cross-check after choosing a primary method).

        *ii.*    *Discussion*

Under the percentage-of-recovery method, courts typically use 25 percent of the fund as a benchmark for a reasonable fee award. *See id.* at 942. The percentage can range, however, and courts have awarded more or less than 25 percent of the fund in attorneys' fees as they deemed appropriate. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (noting that courts generally award between 20 and 30 percent of the common fund in attorneys' fees).

Here, Plaintiff requests that the Court approve a fee award of $233,333.33, or one-third of the settlement amount. *Fees Mot.* 2:24 28. Because Plaintiff asks the Court to depart from the "benchmark" of 25 percent, the Court must evaluate each of the five factors set out in *Vizcaino*. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). "The mere fact that the defendant agrees to pay the fees 'does not detract from the need to carefully scrutinize the fee award.'" *Zubia v. Shamrock Foods Co.*, No. CV 16-3128 AB (AGRx), 2017 WL 10541431, at *5 (C.D. Cal. Dec. 21, 2017). As such, the Court will analyze this request under the *Vizcaino* factors and cross-check using the lodestar method.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

      *a.*    *Percentage of the Common Fund Method*

When assessing fee awards' reasonableness under the common fund theory, courts consider "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046 (citing *Vizcaino*, 290 F.3d at 1048 50).

      *1.*    *Results Achieved*

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *Id.* In this case, Plaintiff recovered more than 25 percent of the estimated potential recovery, and no class member objected to the settlement terms. *See Prelim. Order* at 12; *Garrido Decl.* ¶¶ 16 17. The average individual settlement share is approximately $222.01, which provides significant monetary relief to the Class Members, and the largest award is approximately $436.40. *See Garrido Decl.* ¶ 22. Given the monetary relief obtained for the class, this factor tips slightly in favor of an increase over the 25 percent benchmark.

      *2.*    *Risk of Litigation*

The risk that further litigation might result in no recovery is a "significant factor" in assessing the fairness and reasonableness of an award of attorneys' fees. *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046 47; *see also Vizcaino*, 290 F.3d at 1048 (discussing that "[r]isk is a relevant circumstance" in determining an attorney fee award in a common fund case). The Court agrees that Class Counsel would have faced substantial obstacles, as it appears that Defendant would have vigorously litigated this case. *See Fees Mot.* 4:1 9. The Court finds that the significant risks associated with this litigation weigh in favor of an upward departure from the 25 percent benchmark.

      *3.*    *Skills Required and Quality of Work*

The Court also considers the skills required to prosecute and manage this litigation, as well as Class Counsel's overall performance. *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1047. As discussed elsewhere, Class Counsel engaged in motion practice, substantial discovery (including several depositions), settlement negotiations, and mediation. *See Fees Mot.* 4:9 18. This work also weighs in favor of an upward departure from the 25 percent benchmark.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

4. *Contingent Nature and Plaintiff's Financial Burden*

Class Counsel have spent almost two years on this litigation, which they took on a contingent basis. *See id.* 4:22 25. Along with advancing attorney time, Class Counsel have also advanced $43,803.92 in litigation costs. *See id.* 4:25 27. Since they have faced the risk of walking away with nothing, the Court finds that this factor favors an upward departure.

5. *Awards Made in Similar Cases*

In support of their attorneys' fees request, Class Counsel cite to several federal wage and hour cases in California where courts have departed from the 25 percent benchmark. *See id.* 5:12 6:2. The Court also finds that the award in this settlement is consistent with awards in similar cases. *See, e.g.*, *Brown v. CVS Pharmacy, Inc.*, No. CV 15-7631 PSG (PJWx), 2017 WL 3494297, at *6 *7 (C.D. Cal. Apr. 24, 2017) (awarding 30 percent of the common fund in attorneys' fees in a wage and hour class action settlement); *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06-4149 MMM (SH), 2008 WL 8150856, at *16 (C.D. Cal. July 21, 2008) (awarding 34 percent of the common fund in attorneys' fees in a wage and hour class action settlement); *Hightower v. JPMorgan Chase Bank, N.A.*, No. CV 11-1802 PSG (PLAx), 2015 WL 9664959, at *12 (C.D. Cal. Aug. 4, 2015) (approving attorneys' fees of 30 percent of the settlement fund); *Garcia v. Gordon Trucking, Inc.*, No. CV 10-0324 AWI (SKO), 2012 WL 5364575, at *10 (E.D. Cal. Oct. 31, 2012) (approving fees in the amount of 33 percent of the common fund); *Knight v. Red Door Salons, Inc.*, No. 08-1520 SC, 2009 WL 248367, at *17 (N.D. Cal. Feb. 2, 2009) ("nearly all common fund awards range around 30%"); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 92 (E.D. Cal. 2010) (citing to wage and hour cases where courts approved awards ranging from 30 to 33 percent); *Singer v. Beckton Dickinson and Co.*, No. 08-CV-821 IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (approving an attorneys' fee award of 33.33 percent). These similar fee awards in other wage and hour class action cases also weigh in favor of an upward departure.

The Court finds that, in light of all the factors, Class Counsel's request for attorneys' fees is reasonable.

b. *Lodestar Method*

The Court also uses the lodestar method to cross-check the reasonableness of the fee award. To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

work. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002).

Class Counsel state that the lodestar amount is $303,817.50 which is based on 537 hours billed. *See Fees Mot.* 9:19 10:6; *Declaration of Elizabeth Nguyen*, Dkt. # 41-2 ("*Nguyen Decl.*"), ¶¶ 24 25. In support, they submitted detailed timekeeping statements from the attorneys and paralegals who worked on the case. *See Nguyen Decl.* ¶ 23, Ex. C; *Declaration of Paul K. Haines*, Dkt. # 41-5 ("*Haines Decl.*"), ¶ 10, Ex. B.

| Names | Positions | Hours | Rates | Fees |
|---|---|---|---|---|
| Scott M. Lidman | Shareholder | 84.5 | $ 750 | $ 63,375 |
| Elizabeth Nguyen | Shareholder | 268.4 | $ 650 | $ 174,460 |
| Paul K. Haines | Founder | 24.6 | $ 650 | $ 15,990 |
| Milan Moore | Attorney | 110.4 | $ 375 | $ 41,400 |
| Paralegals | Paralegal | 49.1 | $ 175 | $ 8,592.50 |
| | Total | 537.00 | | $ 303,817.50 |

*1. Rates*

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community."); *Viveros v. Donahue*, No. CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the court may exercise its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g.*, *Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, No. CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. July 21, 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009).

Here, Class Counsel charge rates of between $175 and $750 for all work performed. *See Nguyen Decl.* ¶ 24 25. The Court turns to the *2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("Real Rate Report") as a useful guidepost to assess the reasonableness of these hourly rates in the Central District. *See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, at *4 5 (C.D. Cal. Oct. 23, 2015). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and paid and processed invoices from more than eighty companies. *See Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF JCG, 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014). Courts have found that the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas." *Id.*; *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1258 (D. Nev. 2014) (considering the Real Rate Report); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 433 (S.D.N.Y. 2012) (same).

The 2018 Real Rate Report offers several relevant data points for fees in the Central District. In Los Angeles, partners have an hourly rate ranging from $450 to $955, and associates from $382 to $721. *See Real Rate Report* at 27. However, for Los Angeles attorneys who practice labor and employment law, partners have a slightly lower average hourly rate of between $456 and $716, and associates between $345 and $540. *See id*. at 76. In addition, paralegals in the labor and employment practice area earn an average hourly rate between $142 and $227. *See id.* at 12. Thus, Class Counsel's requested rate of $750 for Lidman appears higher than that of his counterparts in the community. The Court therefore adjusts his rate downward to $725.

2. Hours

An attorney's fee award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

expended in pursuit of success at the point in time when the work was performed." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

Here, Class Counsel have spent approximately 537 hours on this litigation over the course of almost two years. Counsel engaged in extensive discovery, including interviewing between forty and fifty class members, taking several depositions, reviewing employment policies, payroll records, and daily timekeeping records, and retaining and consulting with an expert. *See Fees Mot.* 8:18 9:18. Counsel also filed two ex parte applications and made preparations to file a motion for class certification. *See id.* Finally, counsel prepared for and engaged in settlement negotiations, including a private mediation session, which resulted in this Settlement. *See id.* After reviewing the itemized billing records Class Counsel submitted, *see id.*, and considering the duration and scope of this case, the Court finds that the 537-hour figure is reasonable.

### 3.   *Lodestar Cross-Check*

The Court recalculates Class Counsel's lodestar as follows:

| Names | Positions | Hours | Requested Rates | Adjusted Rates | Fees |
|---|---|---|---|---|---|
| Scott M. Lidman | Shareholder | 84.5 | $ 750 | $ 725 | $ 61,262.50 |
| Elizabeth Nguyen | Shareholder | 268.4 | $ 650 | $ 650 | $ 174,460 |
| Paul K. Haines | Founder | 24.6 | $ 650 | $ 650 | $ 15,990 |
| Milan Moore | Attorney | 110.4 | $ 375 | $ 375 | $ 41,400 |
| Paralegals | Paralegal | 49.1 | $ 175 | $ 175 | $ 8,592.50 |
| | Total | 537.00 | | | $ 301,705 |

After assessing the reasonableness of Class Counsel's rates and hours, the Court accepts the adjusted lodestar calculation of $301,705. This is greater than the requested award of $233,333.33. However, the fact that the lodestar figure outpaces an award, without more, is not a compelling reason to increase the award even more. *See Brooks v. Life Care Ctrs. of Am., Inc.*, No. SACV 12-659 CJC (RNBx), 2015 WL 13298569, at *4 (C.D. Cal. 2015). In fact, courts have found that multipliers less than one may support the reasonableness of the award. *See, e.g.*, *Taylor v. TIC The Indus. Co.*, No. EDCV 16-186 VAP (SPx), 2018 WL 6131198, at *10 (C.D. Cal. Aug. 1, 2018) (finding a 0.5 multiplier reasonable); *Lopez v. Areotek, Inc.*, No. SACV 14-803 CJC (JCGx), 2018 WL 5099488, at *5 (C.D. Cal. Jan. 8, 2018) (finding a 0.57 multiplier reasonable); *Hillman v. Lexicon Consulting, Inc.*, No. EDCV 16-01186 VAP (SPx), 2017 WL 10434013, at *8 (C.D. Cal. Oct. 12, 2017) (finding a 0.8 multiplier reasonable).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

Accordingly, given the Court's consideration of the relevant factors set forth by the Ninth Circuit and the lodestar cross-check, the Court finds that a fee award of one-third of the settlement fund is reasonable.

B. Litigation Costs

"Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1048. Here, Class Counsel request reimbursement of expenses incurred in the amount of $43,803.92. *See Haines Decl.* ¶ 10, Ex. B. The Court has reviewed the accounting records and is satisfied that the costs amount to a reasonable expenditure for the almost two years that this litigation has been pending. *See id*. The Court also notes that no Class Member has objected to the requested litigation costs.

Therefore, the Court **GRANTS** the request for costs in the total amount of $43,803.92.

C. Service Award

"Incentive awards are fairly typical in class action cases." *Rodriguez*, 563 F.3d at 958. When considering requests for incentive awards, courts consider five principal factors:

> (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). Further, courts typically examine the propriety of an incentive award by comparing it to the total amount other class members will receive. *See Staton*, 327 F.3d at 975.

Plaintiff requests an incentive award of $5,000. *See Fees Mot.* 12 14. This award request amounts to less than 1 percent of the total Settlement, which the Court found was well within the range of approval. *See Prelim. Order* at 14. Plaintiff was a part of this litigation since its inception and spent a considerable amount of time on this case. *See Fees Mot.* 13:12 16. Specifically, Plaintiff gathered relevant documents, provided information to and remained in constant contact with Class Counsel, and identified potential witnesses in the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

*See id.* Overall, Plaintiff estimates that he spent between twenty to twenty-five hours on this case. *See id.* 13:23 25. Moreover, Plaintiff, who participated in the lawsuit as an employee of Defendant's, exposed himself to risk of retaliation by both his then and future employers. *See id.* 13:24 27.

As the Court noted in its preliminary approval order, the service award remains significantly disproportionate when compared to the average net recovery per class member. *See Prelim. Order* at 13 14. Given the estimated individual settlement share of $222.01 to each participating class member, Plaintiff's individual service award reflects more than twenty-three times the average recovery. *See id.*; *Garrido Decl.* ¶ 22. However, the Court finds that Plaintiff has provided sufficient justification for this disparity. Along with risking his past and future employment prospects, Plaintiff agreed to a broader general release of all known and unknown claims against Defendant, including claims that are not wage and hour related. *See Settlement* ¶ 2.B. This release, combined with the fact that Plaintiff seeks a "presumptively reasonable" $5,000 award, all weigh in favor of granting the request. *See Dyer*, 303 F.R.D. at 335.

Accordingly, the Court **GRANTS** Plaintiff's request for a $5,000 incentive award.

D. Settlement Administration Amount

Plaintiff proposes to pay CPT Group $25,000 for administering the Settlement. *See Fees Mot.* 14:5 19. This request is reasonable given the class size and the costs and expenses associated with administering the notices and distributing the awards to the claimants. *See Gundersen v. Lennar Assocs. Mgmt., LLC*, No. CV-09-02270-CRB, 2011 WL 13250651, at *2 (N.D. Cal. Oct. 25, 2011) (approving a $25,000 claims administrator fee).

E. PAGA Penalties

The parties have agreed to a PAGA penalty of $20,000. *Settlement* ¶ 3(C)(5). Seventy-five percent ($15,000) will go to the LWDA and 25 percent ($5,000) will be distributed to participating Class Members who were employed by the Defendant at any time from May 4, 2017 through July 25, 2019. *Id.* ¶ 36; *see also* Cal. Lab. Code § 2699(i) (providing that 75 percent of civil penalties recovered by aggrieved employees should be distributed to the LWDA). Each qualifying Member will receive a portion of this PAGA amount that is proportionate to the number of workweeks the Member worked from May 4, 2017 through July 25, 2019. *Settlement* ¶ 5(B)(iv). The numerator of the portion will be the number of workweeks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

worked between May 4, 2017 and July 25, 2019, and the denominator of the portion will be the total workweeks worked by all participating Class Members during this time. *Id.*

The portion of the PAGA allocation that will be distributed to the LWDA represents 2.14 percent of the $700,000 Gross Settlement Amount. This is higher than the zero to two percent range for PAGA claims approved by courts. *See, e.g.*, *In re M.L. Stern Overtime Litig.*, No. CV 07-0118 BTM (JMAx), 2009 WL 995864, at *1 (S.D. Cal. Apr. 13, 2009) (approving PAGA settlement of 2 percent); *Hopson v. Hanesbrands, Inc.*, No. CV 08-0844 EDL, 2008 WL 3385452, at *1 (S.D. Cal. Apr. 13, 2009) (approving a PAGA settlement of 0.3 percent). Therefore, the agreed upon allocation to the LWDA does not raise concerns that Plaintiff is skirting the "special responsibility to [his] fellow aggrieved workers" or using the PAGA claim "merely as a bargaining chip, wherein the rights of individuals . . . may be waived for little additional consideration in order to induce the employer to agree to a settlement." *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1134 (N.D. Cal. 2016). Accordingly, the Court finds this settlement of the claims for penalties under PAGA reasonable.

IV.     Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for final approval of class action settlement, and **GRANTS** Plaintiff's request for an award of attorneys' fees, costs, and an incentive award. Accordingly, it is **HEREBY ORDERED AS FOLLOWS:**

- The Court approves settlement of the action between Plaintiff and Defendant, as set forth in the Settlement Agreement, as fair, just, reasonable, and adequate. The parties are directed to perform their settlement in accordance with the terms set forth in the Settlement Agreement.

- Class Counsel are awarded $233,333.33 in attorneys' fees and $43,803.92 in costs. Additionally, Plaintiff is awarded a $5,000 incentive award. The Court finds that these amounts are warranted and reasonable for the reasons stated in this Order.

- The Court approves PAGA penalties of $20,000, of which $15,000 will be paid to the LWDA and $5,000 will remain part of the settlement amount for distribution to Class Members. The Court approves payment in the amount of $25,000 to CPT Group for settlement administration costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6036 PSG (SSx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Erick Contreras v. Worldwide Flight Services, Inc., et al. | | |

- Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over Defendant and the Settlement Class Members for all matters relating to the litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this order.

This order closes the case.

**IT IS SO ORDERED.**